UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RUSSELL TAYLOR,

         Plaintiff,

   -against-

THE CITY OF NEW YORK,
P.O. GREGGORY GINGO
P.O. MOSES VINCENT
P.O/ LT ROSADO
JOHN DOE NOS. 1-10, whose identities are unknown,
except to the extent that they are employees
of the CITY OF NEW YORK,
and/or members or personnel of the Police
Department of the CITY OF NEW YORK,

         Defendants.
-------------------------------------------------------------------X

**JURY TRIAL DEMANDED**

Case No.:

**COMPLAINT**

  **RUSSELL TAYLOR** ("Plaintiff"), by his undersigned attorneys, complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

## THE PARTIES

  1.  At all times hereinafter mentioned, Plaintiff was and still is a resident of the County of Kings, in the City and State of New York.

  2.  At all times relevant and material herein, the defendant CITY OF NEW YORK was and still is a domestic municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

  3.  At all times relevant and material herein, the defendant GREGGORY GINGO was an employee of the Police Department of the City of New York.

  4.  At all times relevant and material herein, the defendant MOSES VINCENT was an employee of the Police Department of the City of New York.

5. At all times relevant and material herein, the defendant P.O/ LT ROSADO was an employee of the Police Department of the City of New York.

6. At all times relevant and material herein, the defendant JOHN DOE 1 was an employee of the Police Department of the City of New York.

7. At all times relevant and material herein, the defendants John Does Nos. 1-10, were personnel of the Police Department of the City of New York.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§331 and 1343 in that it alleges a claim for relief arising under 42 U.S.C. 1983.

9. Additionally, the Court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C.§1367 because such claims form part of the same case or controversy over which this court has original subject matter jurisdiction.

10. Venue is proper pursuant 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and, or in the alternative, the defendant CITY OF NEW YORK is subject to personal jurisdiction in this district.

## ALLEGATIONS PERTAINING
## TO ALL OF PLAINTIFF'S CLAIMS

11. At all times relevant and material herein, the defendant CITY OF NEW YORK operated, maintained, managed, supervised and controlled a police department as part of and in conjunction with its municipal functions.

12. At all times relevant and material herein, the defendants P.O. GREGGORY GINGO, P.O. MOSES VINCENT, P.O/ LT ROSADO and JOHN DOE 1 were all, and each, employees of the Police Department of the City of New York.

13. At all times relevant and material herein, the defendants P.O. GREGGORY GINGO, P.O. MOSES VINCENT, P.O/ LT ROSADO and JOHN DOE 1 personnel of the Police Department of the City of New York.

14. That at all times hereinafter mentioned and upon information and belief, the defendant CITY OF NEW YORK, employed and supervised the defendants P.O. GREGGORY GINGO, P.O. MOSES VINCENT, P.O/ LT ROSADO and JOHN DOE 1

15. Upon information and belief, the defendants P.O. GREGGORY GINGO, P.O. MOSES VINCENT, P.O/ LT ROSADO and JOHN DOE 1 were graduates of the Police Academy of the City of New York.

16. At all times relevant hereto, the defendant City of New York had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, the defendant officers, P.O. GREGGORY GINGO, P.O. MOSES VINCENT, P.O/ LT ROSADO and John Doe Nos. 1-10, to conform their conduct to a standard for the protection of individuals, such as Plaintiff, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as Plaintiff herein.

17. In addition, at all times relevant hereto, the defendant City of New York had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels the defendant officers, P.O. GREGGORY GINGO, P.O. MOSES

VINCENT, P.O/ LT ROSADO and John Doe Nos. 1-10 in the protections of the rights of Plaintiff under the Constitution and the Bill of Rights.

18. At all times hereinafter mentioned, upon information and belief, the defendants P.O. GREGGORY GINGO, P.O. MOSES VINCENT, P.O/ LT ROSADO and John Does Nos. 1-10 where acting in their capacities as employees, agents or servants of the defendant CITY OF NEW YORK.

19. At all times hereinafter mentioned, the defendants P.O. GREGGORY GINGO, P.O. MOSES VINCENT, P.O/ LT ROSADO and John Does Nos. 1-10 where acting under color of law.

20. At all times hereinafter mentioned, the defendants' acts constituted state action.

21. On or about August 29, 2021, the defendants P.O. GREGGORY GINGO, P.O. MOSES VINCENT, P.O/ LT ROSADO and John Does Nos. 1-10, were on duty and/or acting as employees, agents or servants of the defendant CITY OF NEW YORK and were also present at the same time and in the same place as Plaintiff, as aforesaid.

22. On or about August 29, 2021, Plaintiff was in a bar known as "Joe Brodway's" at 2178 Forest Avenue, City and State of New York, County of Richmond.

23. Plaintiff had previously parked his car in the parking lot at the said bar.

24. On or about August 29, 2021, the defendants arrived at the location of the bar.

25. At some point after their arrival, the defendants, including those named herein, directed Plaintiff to move his car from its spot.

26. Plaintiff protested on the grounds that he had been drinking in the bar and had consumed alcohol and was not in a state that he could legally operate his car.

27. The defendants, including those named herein, insisted that he move his car. Plaintiff protested that he feared that if he moved his car, he would be arrested for driving while intoxicated.

28. The defendants, including those named herein, nevertheless insisted that he move his car, and threatened to have Plaintiff's car towed if he did not move it.

29. Plaintiff then entered his vehicle and moved it a minimal distance within the lot, at the direction of the defendants. Plaintiff was then arrested, detained and held.

30. Plaintiff was induced, or directed, or compelled, to act in way that provide the defendants with a pretext to arrest him.

31. Plaintiff was then arrested and/or caused to be arrested and charged with various crimes.

32. Plaintiff was maliciously prosecuted by and at the direction of the said individuals as well as other agents, servants and/or employees of the City of New York, including, but not limited to, upon information and belief, police officers of the City of New York.

33. The charges were subsequently dismissed or otherwise disposed of.

34. None of the aforementioned acts are or were protected by legal privilege, nor were such acts legally justified. Said occurrence and the injuries and damages sustained by claimants were due solely to the negligence, carelessness, recklessness and willful misconduct of the CITY OF NEW YORK, its agents, servants and/or employees

35. All of the defendants' acts as heretofore described were without probable or just cause, grounds or provocation, and were excessive, unreasonable, unnecessary and without any privilege or justification.

36. All of the defendants' acts as heretofore described were without probable or just cause, grounds or provocation, and were excessive, unreasonable, unnecessary and without any privilege or justification.

37. By reason of the foregoing acts by the defendants, Plaintiff was caused severe and emotional anguish, distress, humiliation and embarrassment, and upon information and belief, will continue to suffer same.

38. By reason of the foregoing acts by the defendants, Plaintiff was harmed and upon information and belief, will continue to suffer, continuous pain and anguish.

39. By reason of the foregoing, Plaintiff was compelled to, and did necessarily, require medical attention and did necessarily pay and become liable therefore, and upon information and belief, Plaintiff will necessarily incur similar expenses.

40. By reason of the foregoing, Plaintiff was compelled to, and did necessarily, incur legal fees and did necessarily pay and become liable therefore, and upon information and belief, Plaintiff will necessarily incur similar legal fees.

**ALLEGATIONS PERTAINING TO PLAINTIFF'S
<u>CLAIMS UNDER STATE LAW</u>**

41. Before the commencement of this action, within the time mandated by law, a Notice of Claim containing the information required by law was duly served upon the defendant CITY OF NEW YORK.

42. More than thirty (30) days have elapsed since the claims upon which this action is based were presented to the defendant CITY OF NEW YORK, and said defendant has neglected and/or refused to make payment or adjustment thereof.

43. The defendant CITY OF NEW YORK has not requested any examination of Plaintiff as was its right under the General Municipal Law and consequently has waived same.

**FIRST CLAIM FOR RELIEF**
**(PURSUANT 42 U.S.C. §1983**
**FOR DEFENDANTS' VIOLATION**
**OF PLAINTIFF'S CIVIL RIGHTS)**

44. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

45. The defendants' acts towards Plaintiff as previously set forth herein were without warrant, authority of law, or any reasonable cause or belief that Plaintiff committed any crime.

46. The conduct of the defendants as heretofore described was the result of the application or implementation of an unlawful or unconstitutional policy, regulation, custom, or practice.

47. The conduct of the defendants as heretofore described was the result of the determination by a supervisory or policy-making official, which resulted in a violation of Plaintiffs rights.

48. Such acts constituted a deprivation of Plaintiff's Constitutional rights, liberties and freedoms under color of State law, under 42 U.S.C. §1983.

49. Said violation of Plaintiff's Constitutional rights caused him injury and damage, both physical and mental; and severe emotional distress and illness.

50. By reason of Defendants' violation of Plaintiff's Constitutional rights, Plaintiff is entitled to judgment in the amount of $500,000.00.

## SECOND CLAIM FOR RELIEF
## (PURSUANT TO 42 U.S.C §1983
## FOR FALSE ARREST AND IMPRISONMENT
## UNDER COLOR OF STATE LAW)

51. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

52. The defendants arrested, detained and imprisoned Plaintiff, without warrant, even though they knew or should have known that he was wholly innocent of any crime then and there alleged against him, and thus violated Plaintiff's Constitutional rights.

53. As a result thereof, Plaintiff is entitled to judgment in the amount of $500,000.00.

## THIRD CLAIM FOR RELIEF
## (PURSUANT TO 42 U.S.C §1983
## FOR FALSE ARREST AND IMPRISONMENT
## UNDER COLOR OF STATE LAW)

54. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

55. The defendants arrested, detained and imprisoned Plaintiff, after directing him or inducing him, to act in a way that provided them with a pretext to arrest and imprison him, and thus violated Plaintiff's Constitutional rights.

56. As a result thereof, Plaintiff is entitled to judgment in the amount of $500,000.00.

## FOURTH CLAIM FOR RELIEF
### (FALSE ARREST AND IMPRISONMENT)

57. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

58. The defendants are liable for false arrest and false imprisonment to Plaintiff.

59. As a result thereof, Plaintiff is entitled to judgment in the amount of $500,000.00.

## FIFTH CLAIM FOR RELIEF
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

60. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

61. The defendants' conduct, in falsely arresting and imprisoning Plaintiff was outrageous, shocking and exceeded all reasonable bounds of decency.

62. The defendants are liable for intentional infliction of emotional distress to Plaintiff.

63. As a result thereof, Plaintiff is entitled to judgment in the amount of $500,000.00.

## SIXTH CLAIM FOR RELIEF
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

64. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

65. The defendants' conduct in falsely arresting and imprisoning Plaintiff was careless and negligent as to the emotional health of Plaintiff.

66. The defendants are liable for negligent infliction of emotional distress to Plaintiff.

67. As a result thereof, Plaintiff is entitled to judgment in the amount of $500,000.00.

### SEVENTH CLAIM FOR RELIEF
### (COMMON LAW NEGLIGENCE)

68. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

69. The defendant CITY OF NEW YORK was negligent in its operation, management, supervision and control of its police department; in its training; in its conduct, at the aforesaid location; in its employees in falsely arresting and imprisoning Plaintiff.

70. Additionally, the defendants were negligent in their conduct, in causing, or allowing, the occurrence as aforesaid.

71. As a result thereof, Plaintiff is entitled to judgment in the amount of $500,000.00.

**WHEREFORE**, Plaintiff demands judgment against the defendants as follows:

On each CLAIM FOR RELIEF, judgment in the amount of $500,000.00; and

Plaintiff demands an additional sum of punitive damages against each defendant to be determined at the trial of this action; and

In the event plaintiff is a prevailing party, attorneys fees; and

Interest, costs, and such other relief as to this Court shall seem just and proper.

DATED:     New York, New York
                August 28, 2024

                                      Robert Weiss, Esq.(rw8878)

                                      _____
                                      WEISS & AKERMAN
                                      Attorney for Plaintiff
                                      RUSSELL TAYLOR
                                      52 Duane Street, 7th Floor
                                      New York, New York 10007
                                      (212) 233-0800